**SO ORDERED.**

**SIGNED this 01 day of December, 2010.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| In the Matter of: | Case No.: |
| GORDON HAGGOTT BECKHART, JR. | 09-07452-8-RDD |
| STELLA MARIE BECKHART | |
|     Debtors | Chapter 11 |

**ORDER CONFIRMING PLAN**

The Plan of Reorganization under Chapter 11 of the Bankruptcy Code filed by the Debtors on January 13, 2010 (the "Plan") filed by Gordon Haggott Beckhart, Jr. and Stella Marie Beckhart (the "Debtors"), or a summary thereof, having been transmitted to creditors, and a hearing on confirmation of the Plan having been conducted in the United States Bankruptcy Court in Wilson, North Carolina on October 25, 2010; and

The Court being advised that all classes have accepted the Plan, and having considered the evidence presented at the hearing, the record of the case, arguments of counsel for the Debtors and counsel for First Bank, BAC Loans Servicing, L.P., Aurora Loan Servicing, and SunTrust Bank;

NOW, THEREFORE, the Court makes the following findings of fact and conclusions of law:

    1.    The Plan and the proposals comply with all requirements of 11 U.S.C. § 1129.

2.  It having been determined after hearing on notice that the applicable requirements for confirmation set forth in Section 1129 of the Bankruptcy Code have been satisfied.

3.  The Disclosure Statement complies with all requirements of the Bankruptcy Code.

IT IS ORDERED THAT:

1.  The Disclosure Statement is APPROVED.

2.  The Plan is CONFIRMED, subject to the following modifications:

a.  The treatment for Class 6, Aurora Loan Services, LLC is changed as indicated below:

**D.  Class 6 – Aurora Loan Services, LLC ("Aurora"):**

(3)  Treatment.

a.  Account ending in 6285:  This claim shall be treated as a secured obligation of the Debtor Gordon H. Beckhart, Jr. in an amount equal to all outstanding principal and interest due on the confirmation date.  The creditor shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to § 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until the secured claim is paid.  The Debtor shall amortize the principal balance of the debt over a period of thirty (30) years in equal monthly payments at the variable rate of interest as set forth in the promissory note.  Payments shall begin on the first day of the first full month following the effective date.  Except as modified herein, all terms and conditions of the promissory note and deed of trust securing the claim shall remain in full force and effect.  Aurora shall cause the Debtors' credit reports to be modified in such manner as to reflect that the loans are not in default.  The Debtors shall dismiss their pending Adversary Proceeding against Aurora.

b.  Account ending in 1929:  This claim shall be treated as a secured obligation of the Debtor Gordon H. Beckhart, Jr. in an amount equal to all outstanding principal and interest due on the confirmation date.  The creditor shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to § 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until the secured claim is paid.  The Debtor shall amortize the principal balance of the debt over a period of thirty (30) years in equal monthly payments at the variable rate of interest as set forth in the promissory note.  Payments shall begin on the first day of the first full month following the effective date.  Except as modified herein, all terms and conditions of the promissory note and deed of trust securing the claim shall remain in full force and effect.  Aurora shall cause the Debtors' credit reports to be modified in such manner as to reflect that the loans are not in default.  The Debtors shall dismiss their pending Adversary Proceeding against Aurora.

b.  The treatment for Class 8, Cooperative Bank n/k/a First Bank is changed as indicated below:

      H.     **Class 8 – First Bank as Successor-In-Interest to Cooperative Bank ("First Bank"):**

      (1)    <u>Description of Class</u>. Class 8 consists of the following claim by First Bank:

      a.    Account ending in 6600: On or about October 23, 2008, Debtor Gordon H. Beckhart, Jr. executed a Promissory Note (the "604-614 Note") in favor of First Bank with an original principal amount of $170,000.00. This Promissory Note was secured by a Deed of Trust executed by the Debtor Gordon H. Beckhart, Jr. granting First Bank an interest in the Debtor Gordon H. Beckhart, Jr.'s real property located at 604-614 Red Cross Street in Wilmington, NC. The Promissory Note is also secured by an Assignment of Leases and Rents.

      (2)    <u>Impairment</u>. This class will be impaired.

      (3)    <u>Treatment</u>. The above claim shall be treated as a secured obligation of the Debtor Gordon H. Beckhart, Jr. in the amount of $173,250.00. The creditor shall retain its liens with the priority thereof, as existed on the Petition Date pursuant to § 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until the secured claim is paid in full. The Debtor shall make monthly payments of principal and interest to First Bank amortized over a period of twenty (20) years beginning on the 1st day of the first full month following the Effective Date of the Plan, with interest at the rate of four and one-half percent (4.5%) per annum and a balloon payment of the remaining balance due three (3) years from the Effective Date. During this time period, the Debtor shall keep the property taxes current and keep the property fully insured with First Bank named as loss payee. Should the Debtor fail to make any of the required payments, First Bank shall give written notice to the Debtor and Debtor's counsel. If the payment default is not cured within ten (10) days of the receipt of the notice, then First Bank shall be entitled to exercise its remedies to collect the full amount of the remaining debt without further order of the Bankruptcy Court.

      c.    The treatment for Class 9, BAC Home Loans Servicing, L.P. is changed as indicated below:

      I.    **Class 9 – BAC Home Loans Servicing, LP ("BAC"):**

      (3)    <u>Treatment.</u> The Debtors have filed an Adversary Proceeding regarding the claim and the adversary proceeding is currently on appeal by the Debtors. The appeal shall proceed. If the Debtor's appeal is successful and the Adversary Proceeding is decided in the Debtors' favor, the claim shall be treated as a general unsecured claim of the Debtor Gordon H. Beckhart, Jr. Until such time as the appeal is resolved, or in the event that BAC prevails in the adversary proceeding, the above claim shall be treated as a secured obligation of the Debtor Gordon H. Beckhart, Jr. in an amount equal to the lesser of: (1) the value of the property which secures the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any interest, costs and expenses which may be approved by the Court pursuant to Section 506(b). The creditor shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to § 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until the secured claim is paid. The first payment shall be due on November 25, 2010. In the event of default by the Debtor, the creditor

shall give the Debtors ten days written notice of the default. In the event the default is not cured within ten days, the creditor may exercise its state court remedies with respect to the collateral. Except as modified herein, the Debtor shall continue to pay the creditor's claim according to the original loan terms.

   d.  The treatment for Class 10, PNC Financial Services Group, Inc. is changed as indicated below:

**J.**  **<u>Class 10 – PNC Financial Services Group, Inc. ("PNC")</u>**

  (3)  <u>Treatment</u>. The debtors, as plaintiffs in the adversary proceeding, and Greentree Servicing, LLC and PNC, as defendants, have reached a settlement of the adversary proceeding. The settlement involves a full resolution of the adversary proceeding by either a conveyance of the real estate held as collateral by deed in lieu of foreclosure or a formal foreclosure proceeding, either method being in full satisfaction of the debt to Greentree and to PNC under their respective promissory notes and deeds of trust.

  The settlement is subject to bankruptcy court approval with and after notice to all creditors and other parties in interest in the case. The debtors shall immediately file a motion with the bankruptcy court to approve the settlement of the adversary proceeding and give notice to all parties in interest. If the settlement is approved, upon completion of all terms and conditions of the settlement agreement, the debt secured by the deeds of trust shall be deemed satisfied in full. If the settlement is not approved by the bankruptcy court, the adversary proceeding may be pursued by the debtors and all parties will reserve all rights against all other parties to the loan documents.

   e.  The treatment for Class 11, SREI Breck, LLC is changed as indicated below:

**K.**  **<u>Class 11 – SREI Breck, LLC ("SREI"):</u>**

  (3)  <u>Treatment</u>. The above claim shall be treated as a secured obligation of the Debtors in an amount equal to $1,175,000.00. The creditor shall retain its liens with the priorities thereof, as existed on the Petition Date pursuant to § 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until the secured claim is paid.

   (a)  One million dollars ($1,000,000.00) of the total debt shall accrue interest at the rate of ten percent (10%) per annum beginning on October 25, 2010. This portion of the debt shall be payable in monthly payments of interest only at the rate of five percent (5%) per annum ($4,166.66 per month). In other words, five percent (5%) of the 10% annual interest rate shall accrue, but not be paid. Monthly payments shall be due on the 25th of each month, with the first payment due November 25, 2010. All payments shall be made by wire transfer to SREI Financial LLC dba SREI Breck, Account # 2052784, First Western Trust Bank, 233 Milwaukee St., Denver CO 80206 Tel: 303-329-7000 BAB 102 007 011 (the "Wire Transfer"). If payment is not made within ten (10) days after written notice of default, SREI shall automatically be given relief from stay to exercise its state law remedies, including foreclosure of its deeds of trust.

(b) One hundred seventy five thousand dollars ($175,000.00) of the total debt shall remain interest free, with no payments due.

(c) The Debtors shall market and sell 223 Corkscrew Drive, Breckenridge, Colorado ("Corkscrew Property"). When the Corkscrew Property is sold, the net proceeds shall be paid to SREI and applied to the total debt, including accrued but unpaid interest. The Debtors shall obtain SREI's consent to any sale that results in less than one million dollars ($1,000,000.00) net to SREI, which consent may be withheld for any reason. To the extent the debt is not paid in full from the sale of the Corkscrew Property, any amount owed (the "Deficiency") shall remain secured by the real property known as 2702 Andromeda Drive, Colorado Springs, Colorado ("Andromeda Property").

(d) The Deficiency will be amortized over fifteen (15) years (beginning once the Deficiency is established) at six and one half percent (6.5%) interest, with monthly payments due in accordance with the amortization. The monthly payments shall be made by Wire Transfer. If payment is not made with ten (10) days after written notice of default, SREI shall automatically be given relief from stay to exercise its state law remedies, including foreclosure of its deeds of trust. The Deficiency shall be due and payable in two years after the Deficiency is established.

(e) If the Corkscrew Property is not sold by October 25, 2011, the Debtors shall deed the property to SREI (through either a deed in lieu or consensual foreclosure, at SREI's option). The Corkscrew Property will be deeded to SREI furnished, with all personal belongings (photographs, clothing, etc.) removed. SREI shall sell the Corkscrew Property and apply the net proceeds to the total debt. To the extent the debt is not paid in full from SREI's sale of the Corkscrew Property, the Deficiency shall be treated in accordance with paragraph (3)(d) above.

f. The treatment for Class 12, SunTrust Bank is changed as indicated below:

**L.    Class 12 – SunTrust Bank ("SunTrust"):**

Treatment. The Debtor will treat the claim as a secured obligation in an amount equal to $155,928.91. SunTrust shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to § 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full. The Debtor shall make payments to SunTrust in the following manner:

(a) Twelve (12) payments of accrued interest beginning on the 15th day of the first full calendar month following the Effective Date and on the same day of each successive month, with interest at a fixed rate of 4.25% per annum;

(b) Forty-seven (47) payments of principal and interest amortized over a period of twenty (20) years, with interest at the variable rate of prime plus one percent per annum payable on the same day of each successive month; and

(c) One (1) final balloon payment of the entire outstanding balance, including

5

principal and any and all accrued and unpaid interest, fees, expenses and other charges, on the 5th anniversary of the Effective Date.

The Debtor shall abide by all terms and conditions of the Deed of Trust recorded in Book 4186, at Page 871 in the Office of the Register of Deeds of New Hanover County, North Carolina (the "Deed of Trust"). The Debtor shall also: (i) pay all ad valorem property taxes before the same shall become delinquent, (ii) insure the property against all risks for full replacement value with SunTrust as a first mortgagee / loss payee, (iii) maintain the property in good working order, condition and repair, in accordance with all applicable laws, and (iv) manage the property in a manner designed to maximize rental revenue.

(3) In the event of a default under the foregoing terms, conditions and provisions, SunTrust shall give written notice to the Debtor of such default. If the Debtor has not cured such default within fourteen (14) days of receipt of the written notice, then SunTrust shall have the right to pursue its remedies in state court, including foreclosure under the Deed of Trust.

g. The treatment for Class 13, SunTrust Bank is changed as indicated below:

**M.    Class 13 – SunTrust Mortgage**

(3)    Treatment.

a. Account Ending 7325: The Debtors will surrender the real property that secures the claim in full satisfaction of all of the creditor's claims.

b. Account Ending 9940: The above claim shall be treated as a secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secures the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any interest, costs and expenses which may be approved by the Court pursuant to Section 506(b). The creditor shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to § 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until the secured claim is paid.

The Debtors shall have a period not to exceed nine months from the Effective Date ("Marketing Period") in which to liquidate the collateral securing the claim. During this time period, the Debtors shall pay to the creditor the net proceeds of the sale of the property, in accordance with the priorities of the Bankruptcy Code and the priorities of the debts secured by the property. The Debtors will make no other payments to the creditor, and interest shall accrue at the rate of four percent (4%) per annum. During this time period, the Debtors shall keep the property taxes current and the property insured with the creditor as loss payee. If the Debtors have not paid the claim by the end of the Marketing Period, the Debtors shall amortize the remaining principal balance of the debt in equal monthly payments at a fixed rate of interest of four percent (4%) per annum with a twenty-year amortization and a five-year call, plus the accrued and unpaid interest that accrues during the Marketing Period.

3. To the extent any language in the Plan is inconsistent with the provisions of this Order, the provisions of this Order shall govern.

4. Except as provided in this Order, the Plan, or in Section 1141(d) of the Bankruptcy Code, the Debtor is hereby released from all dischargeable debts, provided, however that Confirmation is expressly conditioned upon the Debtor providing for the payment of all allowed claims assertable against the Debtor's estate as specified in the Plan and in this Order.

5. All objections to claims, including requests for costs and expenses under section 506(b), fee applications, and adversary proceedings will be filed with the Court within sixty (60) days of the Effective Date, which shall be fourteen (14) days from the date of the entry of this Order.

6. The Debtor shall file Post-Confirmation Reports with the Clerk of Court pursuant to Section 1106(a)(7) with a copy served upon the Bankruptcy Administrator. The first report shall be due on the earliest of December 31, March 31, June 30 or September 30 in the calendar year in which this Plan is confirmed. The Debtor shall file subsequent reports at the end of every succeeding quarter (December 31, March 31, June 30, or September 30), until the Plan is substantially consummated. Quarterly Reports shall reflect any progress made in consummating the Plan during the period covered by the report. Post-Confirmation Reports shall be filed in the format prescribed by the Bankruptcy Administrator. Debtor will continue paying the quarterly fee to the United States Bankruptcy Court until the Motion for Final Decree is filed.

7. Within thirty (30) days of substantial consummation of the Plan, as defined by Section 1101(2), the Debtor shall file a final report, in a format prescribed by the Bankruptcy Administrator, reflecting the payments made for all costs of administration and each class of creditors, and a motion for the entry of a Final Decree pursuant to Rule No. 3022, F.R.B.P.

8. The Debtor shall pay to the Clerk, United States Bankruptcy Court, the sum of $0.00 for court costs.

9. The Debtor shall serve a copy of this Order on all creditors within five (5) days of the entry of this Order and promptly file a Certificate of Service with the Clerk.

"End of Document"