**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| | |
|---|---|
| In the Matter of: | Chapter 11 |
| GORDON HAGGOTT BECKHART, JR. | Case No: 09-07452-8-SWH |
| STELLA MARIE BECKHART | |
|     Debtors | |

### MOTION FOR CONTEMPT AND SANCTIONS
### AGAINST BSI FNANCIAL SERVICES

Gordon Haggott Beckhart, Jr. and Stella Marie Beckhart (the "Debtors"), by and through undersigned counsel of record, and respectfully move the court, pursuant to §§ 105 and 1142 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure 9020, for the entry of an order finding BSI Financial Services, successor-in-interest to Aurora Loan Services, LLC ("BSI") in contempt of court and granting the Debtors appropriate sanctions for BSI for its egregious actions of repeatedly violating an order of this Court. In support of this motion, the Debtors show the Court the following:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. The Debtors filed a voluntary petition for relief pursuant to the provisions chapter 11 of the United States Bankruptcy Code on August 31, 2009 (the "Petition Date").

3. On January 13, 2010, the Debtors filed a Plan of Reorganization (the "Plan") which was confirmed by an Order Confirming Plan entered on December 1, 2010 (the "Confirmation Order") [Doc. 160].

4. On the Petition Date, the Debtors owned certain real property commonly known as 1713 Spot Lane, Kure Beach, North Carolina 28449 (the "Property").

5. The Confirmation Order provided that BSI would receive the following treatment for the Property:

> This claim shall be treated as a secured obligation of the Debtor Gordon H. Beckhart, Jr. in an amount equal to all outstanding principal and interest due on the confirmation date. The creditor shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to § 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until the secured claim is paid. The Debtor shall amortize the principal balance of the debt over a period of thirty (30) years in equal monthly payments at the variable rate of interest as set forth in the promissory note. Payments shall begin on the first day of the first full month following the effective date. Except as modified herein, all terms and conditions of the promissory note and deed of trust securing the claim shall remain in full force and effect. Aurora shall cause the Debtors' credit reports to be modified in such manner as to reflect that the loans are not in default. The Debtors shall dismiss their pending Adversary Proceeding against Aurora.

6. The Effective Date of the Plan was December 15, 2010, which was fourteen (14) days after the Confirmation Order was entered.

7. On April 30, 2013, the Court entered a Final Decree [Doc. No. 331] in this case.

8. The male Debtor has performed as required by the Confirmation Order by making monthly payments to BSI; however, BSI has not complied with the terms of the Confirmation Order.

9. BSI's violations of the Confirmation Order include: (i) reporting to TransUnion and Equifax that the male Debtor's account is past due by over 180 days; (ii) sending the male Debtor inaccurate monthly statements; (iii) failing to apply the Debtor's payments in the month received; (iv) assessing excessive fees and interest; and, (v) being unresponsive when contacted by the Debtor regarding his account.

10. As a result of BSI's failure to comply with the Confirmation Order the Debtors have incurred damages including loss of their fresh start, increased tax liability, attorneys' fees, and accountant fees.

11. On July 10, 2019, the undersigned sent a letter to BSI outlining the issues with the application of the Debtors' payments and asked that the reports to the credit bureaus be corrected within thirty days. BSI never responded to that letter.

12. Most recently, on October 7, 2019, BSI filed a Notice of Hearing on Foreclosure of Deed of Trust for Debtors' real property commonly known as 1713 Spot Lane, Kure Beach, New Hanover County, North Carolina. A foreclosure hearing has been scheduled for 9:00am on November 12, 2019 at the New Hanover County Courthouse.

13. A copy of the Notice of Hearing on Foreclosure and Deed of Trust was served at the property where the male Debtor currently has tenants. The receipt of the foreclosure notice frightened the tenants and embarrassed the male Debtor.

14. BSI has violated and continues to violate the Confirmation Order by not properly applying the Debtors' payments in the month they are received, as well as not modifying the male Debtor's credit reports to show the loans are not in default, despite being put on notice of its noncompliance.

WHEREFORE, the Debtors pray that the Court enter an order:

1. Enjoining BSI from moving forward with the foreclosure hearing scheduled for November 12, 2019;
2. Imposing sanctions against BSI for its willful violations of the Confirmation Order;
3. Requiring BSI to pay the Debtor's legal fees and costs associated with reopening this case and prosecuting this motion; and
4. For such other and further relief as the Court may deem just and proper.

This the 23rd day of October, 2019.

                              The Law Offices of Oliver & Cheek, PLLC

                              By:    <u>s/ Ciara L. Rogers</u>
                                      Ciara L. Rogers
                                       N.C. State Bar No. 42571
                                     Email:  ciara@olivercheek.com
                                     George M. Oliver
                                     N.C. State Bar No. 26587
                                     Email: george@olivercheek.com
                                     PO Box 1548
                                     New Bern, NC  28563
                                     Telephone: (919)987-2024
                                     Facsimile:  (252) 633-1950
                                     *Attorneys for the Debtor*