IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-192-BO

| | |
|---|---|
| NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING AND THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR CERTIFICATE HOLDERS OF CWMBS, INC. CHL PASS-THROUGH TRUST 2004-29, MORTGAGE PASS-THOUGH CERTIFICATES, SERIES 2004-9, ) ) ) ) ) ) ) ) ) ) | |
| Appellants, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| GORDON HAGGARD BECKHART, JR. AND STELLA MARIE BECKHART, ) ) ) | |
| Appellees. ) | |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

This cause comes before the Court on appeal of an order of the bankruptcy court for the Eastern District of North Carolina entered on October 2, 2020 finding appellants in contempt and awarding sanctions. For the reasons discussed below, the decision of the bankruptcy court is reversed.

BACKGROUND

On August 31, 2009, appellees Mr. Gordon Haggard Beckhart, Jr. and Ms. Stella Marie Beckhart filed a voluntary accelerated petition for chapter 11 bankruptcy. Proposed Class 9 of the plan addressed a mortgage loan secured by a deed of trust on property located at 1338 S. Fort

Fisher Blvd., Kure Beach, North Carolina that was originally made out in favor of Lumina Mortgage Company, Inc. At the time they filed their bankruptcy petition, appellees had missed ten months of payments on the loan and were $22,836.40 past due. On February 26, 2010, BAC Home Loan Servicing L.P, the then-servicer of the loan, filed an objection to the proposed plan, stating that the proposed plan did not make any provisions for the application of post-petition payments to either interest or principal. Although BAC voted against the plan, the bankruptcy court entered an order confirming the proposed plan on December 1, 2010. BAC did not move the bankruptcy court to reconsider confirmation or interpret its confirmation order, nor did it appeal the confirmation order.

On November 25, 2010, the date the bankruptcy court set for the first payment, appellees began making monthly payments. Appellant Shellpoint Mortgage Servicing began servicing the loan on June 29, 2014. On July 7, 2016, a transfer of claim was filed indicating that the obligated had been transferred from BAC to appellant Bank of New York Mellon. From the date it began servicing the loan through 2019, appellant Shellpoint treated the loan as if it were in default based on an accrued arrearage. By letter dated July 7, 2014, appellant Shellpoint first advised appellees that the account was past due and that $50,497.24 was required to bring the account current. Appellees continued to make monthly payments and reached out to appellant Shellpoint repeatedly seeking to have the account treated as current and inquiring as to why the account was in default. Meanwhile, appellant Shellpoint reached out to outside counsel approximately twelve times for advice regarding the interpretation of the 2010 confirmation order and the proper treatment of appellees' loan account. On each occasion, outside counsel advised appellant Shellpoint that the confirmation order had not changed the loan's contractual terms and that default was ongoing.

In November and December of 2019, appellees submitted complaints to the Consumer Financial Protection Bureau stating that appellant Shellpoint had mishandled appellees' account. In response, appellant Shellpoint sent a letter dated December 11, 2019 indicating that it was ceasing foreclosure and looking into proper handling of the account. Allegedly due to an error, appellant Shellpoint lifted the hold on the foreclosure proceeding, causing a notice of foreclosure hearing to be posted on the property's door in January 2020. Appellant Shellpoint ultimately cancelled the foreclosure proceeding and has since brought appellees' loan current.

On January 23, 2020, appellees filed a motion in bankruptcy court for civil contempt and sanctions against appellants. The bankruptcy court conducted an evidentiary hearing on the contempt motion on June 18, 2020. At the hearing, appellee Mr. Beckhart testified that he had spent a total of two hundred hours trying to have his account corrected and that forty of those hours were lost out of his business. Appellees asked to be compensated at a rate of two hundred dollars per hour. After the hearing, counsel for both parties submitted supplemental memoranda to the court addressing the types of recoverable damages as sanctions and, for appellees, an itemization of their out-of-pocket expenses and attorneys' fees. On September 23, 2020, U.S. Bankruptcy Judge Stephani W. Humrickhouse entered an order finding appellants to be in civil contempt and ordering the payment of monetary sanctions in the amount of $114,569.86 to appellees within fourteen days. DE 1-1. The order awarded $60,000 in lost wages, calculated at the rate of three hundred dollars per hour for two hundred hours; $20,000 for loss of a fresh start; $33,000 in attorney's fees; and $1,569.86 for travel expenses. The court filed an amended order on October 2, 2020 to correct errors in the original order, but the substance of the original order remained unchanged. DE 1-2. Appellants filed a notice of appeal on October 8, 2020 and asks this Court to reverse the bankruptcy court's contempt order. DE 1.

## DISCUSSION

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Legal conclusions made by the bankruptcy court are reviewed de novo. *In re White*, 487 F.3d at 204. Mixed questions of law and fact are also reviewed de novo. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003).

"This Court reviews the imposition of sanctions and award of attorney's fees for abuse of discretion." *W.S. Badcock Corp. v. Beaman*, 531 B.R. 576, 581 (E.D.N.C. 2015) (citing *In re Weiss*, 111 F.3d 1159, 1169 (4th Cir. 1997); *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985)). "A bankruptcy court abuses its discretion if it bases its ruling on 'an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).

A bankruptcy court has the authority to hold a party in civil contempt and to impose sanctions. 11 U.S.C. § 105(a); *In re Walters*, 868 F.2d 665, 670 (4th Cir. 1989). However, civil contempt sanctions are only available for noncompliance with bankruptcy court orders "when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019). A finding of civil contempt is improper if the creditor has an objectively reasonable belief that they are

4

complying with the order, as the principles of basic fairness received explicit notice of prohibited conduct. *Id.* at 1802 (quoting *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (*per curiam*)). Civil contempt is a "severe remedy" that should be imposed only when the prohibited action requiring such a remedy is clear to both parties involved. *Id.* (quoting *Schmidt*, 414 U.S. at 476).

Here, the appellants have established a fair ground of doubt with regard to the unclear terms of the confirmation order, and the bankruptcy court's contempt order falls far short of meeting the *Taggart* standard for imposing the serious finding of civil contempt against appellants. Nothing in the confirmation order expressly addressed what amount appellees would owe on the loan as of November 25, 2010 or how the $22,836.40 in pre-petition arrearage would be repaid, if at all. Although the order set a due date for the first payment, it offered no guidance on how much that payment would be. The order expressly stated that the original loan terms remained in force except as modified, which only adds to the confusion. This is particularly confusing in light of the fact that nothing in the confirmation order purported to expressly modify appellees' obligation under the original loan terms to make monthly payments for principal and interest at all times, including both for the arrearage that had accrued before the petition and the payments that went unpaid before November 25, 2010. The Court is not convinced by appellees' argument that the discharge order referenced in *Taggart* is different from the confirmation order at issue here, thus making the case inapplicable here. Regardless of the name of the document, both orders concern payment or repayment with regards to the declaration of bankruptcy and an outstanding amount owed at the time of the filing, and the similarities between the documents far outweigh the differences.

The undisputed evidence also supports a finding that appellants acted in good faith. Appellants adopted a reading that seemed consistent with the contractual terms of the loan and

was objectively reasonable. Furthermore, appellants were repeatedly advised by counsel that they could collect the amounts due from appellees under the original mortgage contract. The Fourth Circuit has stated that relying on the advice of outside counsel is a sufficient defense to the imposition of civil sanctions. *See Waller v. Sprint Mid Atl. Tel.*, 77 F. Supp. 2d 716, 722 (E.D.N.C. 1999) (noting that under Fourth Circuit precedent regarding sanctions for frivolous filings under Fed. R. Civ. P. 11, "advice of counsel in integral to the calculus of sanctions"). The rationale behind this rule is consistent with the rule in *Taggart*, as a party relying upon the good faith advice of counsel is not acting without an "objectively reasonable basis" in believing its conduct to be permissible with regard to the bankruptcy court orders. 139 S. Ct. at 1799. Just as in *Waller*, the evidence of appellants' recurrent efforts to clarify the terms of the order with outside counsel highlights their obvious good faith belief that appellees should potentially still pay back the outstanding amount of the original loan.

Therefore, because appellants have established that the bankruptcy court's contempt order falls far short of the standard required for a finding of civil contempt, the bankruptcy court's decision is reversed.

## CONCLUSION

For the foregoing reasons, the order of the bankruptcy court entered on October 2, 2020 finding contempt and awarding sanctions is REVERSED. The matter is REMANDED to the bankruptcy court for further proceedings consistent with the foregoing.

SO ORDERED, this __2__ day of July, 2021.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6